Jack D. Edwards, 6-3877
EDWARDS LAW OFFICE, P.C.
PO Box 5345
Etna, WY 83118
307.883.2222
jedwards@silverstar.com

Attorney for Plaintiff

FILED
U.S. DISTRICT COURT
DISTRICT OF WYOMING
2015 FEB 9 PM 1 49
STEPHAN HARRIS, CLERK
CHEYENNE

## IN THE UNITED STATES DISTRICT COURT

## IN AND FOR THE DISTRICT OF WYOMING

| | |
|---|---|
| RIDGELY GEESAMAN, SR., individually,<br><br>　　　　　Plaintiff,<br>v.<br><br>FORD MOTOR COMPANY,<br><br>　　　　　Defendant. | Case No. 15-CV-_15 CV 225_<br><br>**COMPLAINT AND DEMAND FOR JURY TRIAL** |

COMES NOW, Plaintiff RIDGELY GEESAMAN, SR., by and through the undersigned counsel, who hereby files this Complaint for damages. In support of this Complaint, the Plaintiff, upon information and belief, states and alleges as follows:

### PARTIES AND JURISDCITION

1. The Plaintiff is an adult, individual and at the time of the matters complained of herein was a resident of Lincoln County, Wyoming.

1

2.  Defendant Ford Motor Company is a foreign Corporation doing business in Wyoming and service of process upon this Defendant may be had by serving its registered agent for service, CT Corporation System at 1712 PIONEER AVE 120, CHEYENNE, WY 82001.

## JURISDICTION AND VENUE

3.  Venue is proper in this Court as the subject crash occurred wholly within Lincoln County, Wyoming.

4.  That this Court has jurisdiction over this action under 28 U.S.C. § 1332(a), diversity of citizenship exists between all parties to this civil action. The Plaintiff is a resident of Lincoln County, Wyoming, Defendant Ford Motor Company is a Delaware Corporation and its principal place of business is in Dearborn, Michigan.

5.  Jurisdiction in this Court is also proper as Plaintiff seeks damages in excess of seventy-five thousand Dollars ($75,000.00) exclusive of interest and costs.

## FACTS COMMON TO ALL CLAIMS

6.  That the preceding paragraphs are incorporated herein by this reference.

7.  On or about September 21, 2014, Ridgely Geesaman, Sr. was driving a 2007 Ford F150 (VIN#1FTPX14V37KC27347) traveling southbound on US89, near milepost 87.50 in Afton, Lincoln County, Wyoming. Ridgely Geesaman, Sr. struck another vehicle, being driven by Valerie Booth, when she entered his lane of traffic and ultimately caused his vehicle to lose control and roll over.

8.  At the time of the accident, Ridgely Geesaman, Sr. was properly seated and wearing his 3-point seat belt.

9. Despite being properly restrained, Ridgely Geesaman, Sr. sustained serious injuries when his vehicle failed to protect him.

**CAUSE(S) OF ACTION AS TO DEFENDANT TO FORD MOTOR COMPANY**

10. That the preceding paragraphs are incorporated herein by this reference.

11. It was entirely foreseeable to and well-known by Defendant that accidents and incidents involving its vehicles, such as occurred herein, would on occasion take place during the normal and ordinary use of said vehicle.

12. The injuries complained of occurred because the vehicle in question was not reasonably crashworthy, and was not reasonably fit for unintended, but clearly foreseeable, accidents. The vehicle in question was unreasonably dangerous in the event it should be involved in an incident such as occurred herein.

13. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle in question.

14. Defendant either knew or should have known of at least one safer alternative design which would have prevented the accident and/or the injuries complained of herein.

15. Defendant, either alone or in conjunction with some other individual(s) and/or entity(ies), designed, manufactured, marketed, assembled, and/or tested said vehicle in question to be unreasonably dangerous and defective within the meaning of Section 402(A) Restatement (Second) Torts, in that the vehicle was unreasonably dangerous as designed, manufactured, assembled, marketed, and/or tested because Defendant knew and/or should have known of the following, non-exhaustive list of defects:

      a.    The vehicle failed to prevent ejection mitigation;

      b.    The vehicle failed to contain side curtain airbags;

      c.    The vehicle failed to contain ejection mitigation glass;

      d.    The vehicle failed to contain laminated or non-tempered glass;

      e.    The vehicle failed to contain a cinch type latch plate;

      f.    Partial ejection destroyed the effectiveness of the other safety systems;

      g.    Defendant was negligent for not conducting the appropriate testing;

      h.    the vehicle violated principles of crashworthiness; and/or

      i.    Defendant failed to conduct thorough engineering analysis.

16. Defendant was negligent in the design, manufacture, assembly, marketing and/or testing of the vehicle in question.

17. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of the Plaintiff's damages.

18. The foregoing acts and/or omissions of Defendant were a producing and/or proximate cause of Plaintiff's serious injuries.

## DAMAGES TO PLAINTIFF

19. That the preceding paragraphs are incorporated herein by this reference.

20. As a direct, producing and/or proximate result of Defendant's acts and omissions, Plaintiff sustained the following damages:

      a. Bodily injury;

   b. Past and future medical expenses, including the cost of care, in an amount to be set forth at trial;

   c. Past and future loss of wages and earning capacity in an amount to be set forth at trial;

   d. Past and future pain, suffering, and scarring, in an amount to be set forth at trial;

   e. Past and future mental and emotional suffering in an amount to be set forth at trial;

   f. Past and future loss of enjoyment of life in an amount to be set forth at trial;

   g. Past and future damages resulting from the infliction of emotional distress in an amount to be set forth at trial;

   h. Past and future disability, in an amount to be set forth at trial;

   i. Punitive damages in reasonable amount sufficient to adequately punish Defendant and to deter future reprehensible conduct of the type alleged in this Complaint as follows: Defendant's tortious acts and omissions were so gross and culpable in nature that such acts and omissions constitute reckless and/or willful and wanton disregard for the lives and safety of others, and specifically, in complete disregard for the life and safety of Plaintiff. Plaintiff is entitled to recover exemplary and punitive damages as a result of Defendant's willful and wanton reckless acts and omissions so as to deter Defendant and others from committing the same or similar misconduct, which endangers the general safety of the public; and

   j. All allowable costs of this action and other further relief as the court deems equitable and proper.

**WHEREFORE** Plaintiff requests that this Court grant judgment as follows:

1.   Judgment against Defendant for general damages in an amount consistent with the allegations contained herein and to be proven at trial.

2.	Judgment against the Defendant for special damages in an amount consistent with the allegations contained herein and to be proven at trial.

3.	Judgment against Defendant for punitive damages in a fair and reasonable amount to be determined by a jury, and

4.	Judgment for costs, prejudgment and post-judgment interest beginning September 21, 2014, and such other and further relief as the Court deems just and equitable.

**DATED:** this 4th day of February 2015.

_____
Jack D. Edwards, 6-3877
EDWARDS LAW OFFICE, P.C.

Attorney for Plaintiff

## DEMAND FOR JURY TRIAL

**COMES NOW**, the Plaintiff, by and through counsel, Jack D. Edwards of EDWARDS LAW OFFICE, P.C. in this matter, and pursuant to the Seventh Amendment to the United States Constitution, Rule 38 of the Federal Rules of Civil Procedure and other applicable law hereby demands a jury trial of 8 persons on all issues presented in this matter.

**DATED:** this 4th day of February 2015.

_____
Jack D. Edwards, 6-3877
EDWARDS LAW OFFICE, P.C.

Attorney for Plaintiff